IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Yolanda Mims, ) | |
| ) | C/A No. 3:13-2540-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Sam's East, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On September 18, 2013, Plaintiff Yolanda Mims brought this action against her employer, Defendant Sam's East, Inc., alleging that she had been discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff, who is black, contends that she was passed over for promotions or transfers and that she was subjected to discipline because of her race.[1] Specifically, Plaintiff contends that she applied for but was not hired into the position of Technology Team Lead because of her race.[2] Plaintiff also alleges that she received disparate treatment as the result of being verbally counseled on October 11, 2011, by assistant manager Krystal Smith-Brown, who is black; and on April 4, 2012, at a joint meeting with Smith-Brown and store manager George Turosik, who is white.

---

[1] Plaintiff additional asserted a cause of action for unlawful retaliation, but has abandoned that claim.

[2] Plaintiff claimed discrimination with respect to an Accounting Lead position, but has abandoned that allegation.

Defendant filed a motion for summary judgment on September 8, 2014. Plaintiff filed a response in opposition on October 3, 2014, to which Defendant filed a reply on October 13, 2015. On May 19, 2015, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had failed to make out a claim of race discrimination as to her failure to promote and transfer claims, and that Plaintiff had failed to establish disparate treatment as to her verbal counseling claims. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on June 5, 2015, to which Defendant filed a reply on June 22, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## II. DISCUSSION

A.      Failure to Promote and Transfer

Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff failed to establish the fourth prong of a prima facie case of failure to promote with respect to the Technology Team Lead position. The court disagrees.

A plaintiff can establish a prima facie case by showing that (1) she is a member of a protected group, (2) she applied for the position in question, (3) she was qualified for that position, and (4) the defendant rejected her application under circumstances that give rise to an inference of unlawful

discrimination. Wesley v. Arlington Cnty., 354 F. App'x 775, 778 (4th Cir. 2009) (quoting Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005)).

With respect to the fourth prong of the test, Plaintiff asserts that Turosik gave her negative performance reviews that were used as pretext to prevent Plaintiff from moving into other areas of management and learning other aspects of Defendant's operation. However, the only competent evidence in the record indicates that Assistant Manager Jennifer Montville made the decision not to hire Plaintiff as Technology Team Lead. According to Montville, Plaintiff made several negative remarks during their interview indicating that Plaintiff "merely sought to escape her front end Lead [Check Out Supervisor] position rather than being genuinely interested in the Technology Team Lead Position." Decl. Of Jennifer Montville ¶ 3, ECF No. 29-6, 3. Montville stated that she previously had "less than pleasant interactions" with Plaintiff wherein Plaintiff made snide comments. Id. Montville further stated that she selected a Hispanic woman for the position based on that applicant's outstanding performance in another department. Id. ¶ 4, ECF No. 29-6, 3. As the Magistrate Judge properly concluded, nothing in the facts presented gives rise to any inference of race discrimination. Plaintiff's objection is without merit.

B.     Disparate Treatment

Plaintiff asserts the Magistrate Judge erred in finding that the verbal counselings she received did not establish a claim for race discrimination. The court disagrees.

To make out a prima facie case of discriminatory disparate treatment, Plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. See Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing White v. BFI Waste

Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)). Only the third and fourth prongs of the test are in dispute.

An "adverse employment action" is one that negatively affects "the terms, conditions, or benefits" of employment. Munday v. Waste Mgm't of North Am., Inc., 126 F.3d 239, 243 (4th Cir. 1997). Relying on Dawson v. United States, 549 F. Supp. 2d 736, 742 (D.S.C. 2008), the Magistrate Judge determined that mere verbal counseling does not constitute an adverse employment action. According to Plaintiff, however, the verbal counseling was part of a progressive disciplinary action that moved her toward termination, and thus constituted an adverse employment action. See Nye v. Roberts, 145 F. App'x 1, 6 (4th Cir. 2005) (holding that, in the context of a progressive disciplinary policy, a formal letter of reprimand and a downgraded performance evaluation thrust the plaintiff "further along the discipline track and closer to termination").

In Nye, the Court of Appeals for the Fourth Circuit found evidence that a reasonable jury could find that the reprimand and performance evaluation resulted in a material change in the plaintiff's employment status. This holding is consistent with precedent providing that a poor performance evaluation "'is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment.'" James v. BoozAllen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) (quoting Spears v. Missouri Dep't of Corr. & Human Res., 210 F.3d 850, 854 (8th Cir. 2000)). There is no evidence in this case of a tangible effect on Plaintiff's employment resulting from the verbal counselings she received.

Plaintiff contends that she received disparate treatment because "no manager or supervisor at any location during the history of her twenty (20) year career ever thought she was 'negative' other than George Turosik." Pl. Objections to Report and Recommendation 4, ECF No. 37, 4. Plaintiff

also contends that "at least one candidate who was selected for a position desired by Plaintiff was given the job before Plaintiff was even interviewed." Id. at 5, ECF No. 37, 5.

Plaintiff simply has adduced no evidence to demonstrate that a similarly situated employee outside Plaintiff's protected class received more favorable treatment than she did. As the Magistrate Judge properly held, Plaintiff's allegations are speculative and based on rumor. Plaintiff's objections are without merit.

C.  Declaration of Krystal Smith-Brown

Finally, Plaintiff contends that the Magistrate Judge erred in relying on hearsay testimony in Smith-Brown's declaration regarding Turosik's expectations and perceptions of Plaintiff. To the contrary, Smith-Brown's declaration recites her personal knowledge of what transpired during the joint meeting on April 4, 2012. Plaintiff's objections are without merit.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion for summary judgment (ECF No. 29) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 28, 2015